# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

GEORGE M. ROMERO, JR.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendants.

Case No. 4:25-cv-00047-SLG

## ORDER OF DISMISSAL

On June 27, 2025, the Court notified self-represented prisoner George M. Romero, Jr. ("Plaintiff") that he had accumulated three strikes and must not file any new cases in any federal court without prepaying the filing fee unless he demonstrates that he is under imminent danger of serious physical injury at the time of filing of the complaint, and that such danger is fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[1]

On September 25, 2025, Plaintiff filed a Writ of Habeas Corpus and several pages of exhibits.[2] To the extent Plaintiff seeks to challenge his criminal conviction, he must do so by filing a motion under 28 U.S.C. § 2255 in the underlying criminal

---

[1] *See Romero v. Pitzer, et al.,* Case No. 4:24-cv-00030-SLG, Docket 4 at 5 (notifying Plaintiff he has received three strikes, specifically in Case Nos. 4:24-cv-00030-SLG, 4:24-cv-00031-SLG, and 4:25-cv-00002-SLG).

[2] Docket 1.

case in which the challenged judgment was entered. To the extent Plaintiff seeks to bring any civil rights claims—such as excessive force due to handcuffing or failure to protect him from harm—he has failed to demonstrate he meets the imminent danger exception that would allow him to proceed on any claims without prepaying the full filing fee.[3] Accordingly, this case is DISMISSED without prejudice.

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[4] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[5] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[6] Imminent danger requires an allegation that a harm is "ready to

---

[3] *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (holding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

[4] 28 U.S.C. § 1915(g).

[5] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[6] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

Case No. 4:25-cv-00047-SLG, *Romero v. United States of America*
Order of Dismissal
Page 2 of 3
Case 4:25-cv-00047-SLG    Document 2    Filed 12/09/25    Page 2 of 3

take place" or "hanging threateningly over one's head."[7] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[8] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[9]

IT IS THEREFORE ORDERED:

1. This case is **DISMISSED.**

2. All pending motions are **DENIED.**

3. Plaintiff has accumulated **THREE STRIKES** and must not file any civil rights cases in any federal court without prepaying the filing fee unless he demonstrates that he is under imminent danger of serious physical injury at the time of filing of the complaint, and that danger is fairly traceable to the alleged unlawful conduct of each of the defendants named in the complaint and redressable by the court.

4. The Clerk shall issue a final judgment and close this case.

DATED this 9th day of December 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[7] *Andrews,* 493 F.3d at 1056 (cleaned up).

[8] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[9] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).